# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

---

No. 07-6012 EA

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Benjamin L. Eagle, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Benjamin L. Eagle, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor-Appellant, | * | Eastern District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Bank of America, | * | |
| | * | |
| Movant-Appellee. | * | |

---

Submitted: July 10, 2007
Filed: August 10, 2007

---

Before SCHERMER, VENTERS, and MCDONALD, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Benjamin L. Eagle ("Debtor") appeals from two bankruptcy court[1] orders. One order granted an extension of time to file a complaint to seek a denial of the Debtor's discharge and to seek a determination of the dischargeability of a debt to Bank of America, N.A. ("Creditor"). This order is interlocutory. *Travers v. Dragul (In re Travers)*, 202 B.R. 624, 626 (B.A.P. 9th Cir. 1996). The Debtor failed to obtain leave of court to appeal such order. Absent leave of court, we lack jurisdiction over its appeal. *See* 28 U.S.C. § 158(a)(3) and (b). The other order sustained the Creditor's objection to the Debtor's homestead exemptions in property he transferred pre-petition. We have jurisdiction over the appeal from such final order of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1) and (b). For the reasons set forth below, we affirm the order sustaining the objection to the homestead exemption.

## ISSUES

The first issue on appeal is whether the bankruptcy court erred in sustaining the Creditor's objection to the Debtor's homestead exemptions in certain real property which the Debtor transferred pre- petition. We conclude that the bankruptcy court did not err in sustaining the objection to the Debtor's homestead exemptions in the real property.

The second issue on appeal is whether the Debtor's constitutional rights were violated by the bankruptcy court's failure to appoint counsel to represent the Debtor in connection with his bankruptcy case. We conclude that the Debtor had no right to counsel in connection with his bankruptcy case.

In his briefs, the Debtor alleges that the Creditor violated the automatic stay. No allegations regarding this matter were raised in connection with the order which

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

is the subject of this appeal.  Consequently such matter is not properly before this tribunal.  *Alexander v. Jensen-Carter (In re Alexander)*, 236 F.3d 431, 433 (8th Cir. 2001).[2]

BACKGROUND

The Debtor purchased a cashier's check from Bank of America with a check drawn on an account which lacked sufficient funds to cover the check.  The Debtor used the cashier's check to redeem certain real property located at 2606 South Battery Street in Little Rock, Arkansas ("Property") which had been foreclosed.  The check the Debtor used to purchase the cashier's check was returned for insufficient funds.

As of June 15, 2006, the Debtor was preparing to transfer the Property to Olandis Moore.  On June 15, 2006, the Creditor initiated a lawsuit against the Debtor in connection with the insufficient funds check seeking a constructive trust or equitable lien on the Property.  The  Creditor also filed a notice of lis pendens with respect to the Property on June 15, 2006.  In July or August of 2006, the Debtor transferred the Property to Olandis Moore.  The deed transferring the Property to Mr. Moore was recorded on September 1, 2006.

The Debtor filed a *pro se* voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on September 8, 2006.  Upon the filing of the Debtor's bankruptcy petition, the bankruptcy court issued a notice setting the first meeting of creditors on October 12, 2006.  The Debtor failed to file the necessary schedules and the bankruptcy court dismissed his case on September 29, 2006, and closed the case on October 11, 2006.

---

[2] In his reply brief, the Debtor alleges the issue of the automatic stay was raised at an April 20, 2007, hearing before the bankruptcy court.  This appeal is limited to an order entered in connection with a hearing conducted on January 19, 2007.  Issues raised at a subsequent hearing are not relevant to this appeal.

On October 11, 2006, the Debtor filed a motion to reconsider the dismissal of his case. The bankruptcy court reopened the Debtor's case by order dated October 17, 2006, and held a hearing on the motion to reconsider the dismissal on October 27, 2006. The Debtor appeared at the October 27, 2006, hearing *pro se*. The Creditor appeared through counsel. The judge asked the Debtor if he was representing himself and the Debtor responded that he was. The court granted the motion to reinstate despite the Creditor's opposition.

After agreeing to reinstate the case, the judge advised the Debtor to obtain counsel. The transcript of the October 27, 2006, hearing reflects the following discourse:

> THE COURT: Mr. Eagles [sic], [Creditor's counsel] is fixing to come after you, so you better go get a good lawyer.
>
> MR. EAGLE: [Creditor's counsel] can bring everything she's got. I'm ready to fire away.
>
> THE COURT: All right. You –
>
> MR. EAGLE: Bring it on.
>
> THE COURT: You're going to need some help.
>
> MR. EAGLE: Oh, I don't think so, sir. That's what the UALR law library is for. Thank you.
>
> THE COURT: God help you.

The Debtor filed his schedules and statement of financial affairs on October 27, 2006. In his schedules, the Debtor identified the Property as his residence. He listed his interest in the Property as that of a tenant and claimed homestead exemptions in the Property in the amounts of $59,000 and $18,000. The bankruptcy court set aside the dismissal of the Debtor's bankruptcy case by order dated November 7, 2006. On November 13, 2006, the bankruptcy court issued a notice setting the first meeting of creditors on December 8, 2006.

4

On January 5, 2007, the Creditor filed an objection to the Debtor's claimed exemptions in the Property ("Exemption Objection"). The Debtor contested the Exemption Objection. The bankruptcy court conducted a hearing on the Exemption Objection on January 19, 2007. The Debtor appeared *pro se* at the hearing and the Creditor appeared through counsel. At the outset of the hearing, the judge noted that the Debtor was appearing *pro se* and asked him if he would like to obtain counsel. The Debtor indicated that he would like to get an attorney. When the judge asked the Creditor's counsel if she had any objection to continuing the hearing she reminded the court of the prior admonition to the Debtor to obtain counsel. The Debtor admitted that he had already been advised by the court to obtain counsel and had not done so. The court proceeded with the hearing. At the close of evidence the court sustained the Exemption Objection. The Debtor appealed the order granting the Exemption Objection.

## STANDARD OF REVIEW

The facts are not in dispute. We review the bankruptcy court's conclusions of law *de novo. Alexander v. Jensen-Carter (In re Alexander)*, 239 B.R. 911, 913 (B.A.P. 8th Cir. 1999), *aff'd* 236 F.3d 431 (8th Cir. 2001).

## DISCUSSION

I.      The Objection to Exemptions

Pursuant to 11 U.S.C. § 522(l), a debtor shall file a list of property that the debtor claims as exempt. A party in interest may file an objection to the debtor's list of property claimed as exempt within thirty days after the first meeting of creditors is concluded or within thirty days after any amendment to the list or supplemental schedule is filed. Fed. R. Bankr. P. 4003(b)(1). In the instant case, the Creditor timely objected to the Debtor's assertion of homestead exemptions in the Property on

5

the basis that the Debtor had no ownership interest in the Property. The Debtor transferred the Property prior to filing his bankruptcy petition. As of the petition date, the Debtor's only interest in the Property was that of a lessee. The Debtor is not entitled to a homestead exemption in property which he does not own. *First Bank of Linden v. Sloma (In re Sloma)*, 43 F.3d 637, 640 (11th Cir. 1995); *In re Moss*, 258 B.R. 427, 430 (Bankr. W.D. Mo. 2001); *Block v. Moss (In re Moss)*, 258 B.R. 405, 422 (Bankr. W.D. Mo. 2001); *In re Thorpe*, 251 B.R. 723, 725 (Bankr W.D. Mo. 2000). The court did not err in disallowing the Debtor's homestead exemption in the Property.

## II. Right to Counsel

The right to counsel only exists in favor of an indigent whose physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 26-27 (1981). The Debtor's physical liberty was not at issue in his bankruptcy case. Accordingly, he had no right to counsel. Although it had no duty to do so, the court advised the Debtor to obtain counsel. The Debtor emphatically rejected the court's suggestion. The Debtor may now regret his decision; however second-guessing his decision to proceed *pro se* is not a valid reason to appeal a result he does not like.

## CONCLUSION

The bankruptcy court did not err in disallowing a homestead exemption in property the Debtor transferred pre-petition and did not own on the bankruptcy petition date. The Debtor had no right to counsel in connection with his bankruptcy case. Accordingly, we AFFIRM.

---