# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3342

_____

G. Yvonne Stephens,                    *
                                       *
              Appellant,               *
                                       *   Appeal from the United States
       v.                              *   District Court for the
                                       *   District of Minnesota.
John A. Hedback, Trustee of Chapter    *
7 Bankruptcy Estate of G. Yvonne       *      [UNPUBLISHED]
Stephens; Mary Jo A. Jensen-Carter,    *
Trustee of the Bankruptcy Estate of    *
Larry Kenneth Alexander, Bankruptcy    *
98-33694,                              *
                                       *
              Appellees.               *

_____

Submitted: April 17, 2009
Filed: April 21, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Georgina Stephens appeals an order of the district court[1] which (1) affirmed a partial-summary-judgment order of the bankruptcy court,[2] holding that Stephens does not have an ownership interest in a residence at 875 Laurel Avenue in St. Paul, Minnesota, and (2) denied Stephens's "Motion for the Withdrawal of the Bankruptcy Court's Reference." In addition, the district court imposed restrictions on future filings by Stephens related to the property.

Having carefully reviewed the record and the parties' arguments, we find no basis for reversal. See 28 U.S.C. § 158(d) (courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered by district courts sitting as appellate court in bankruptcy matter); In re Farmland Indus., Inc., 397 F.3d 647, 650 (8th Cir. 2005) (order entered before conclusion of complex bankruptcy case is not appealable under § 158(d) unless it finally resolves discrete segment of proceeding); see also In re M & S Grading, Inc., 526 F.3d 363, 367 (8th Cir. 2008) (appellate court reviews bankruptcy court's factual findings for clear error and its legal conclusions de novo); Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (de novo review of jurisdictional challenges); In re Tyler, 839 F.2d 1290, 1290-95 (8th Cir. 1988) (per curiam) (courts have discretion to place reasonable restrictions on litigant who generally abuses judicial process; affirming district court's order limiting inmate to single monthly filing in district court because of inmate's flagrant and repeated abuse of judicial process).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.