# United States Bankruptcy Appellate Panel
## FOR THE EIGHT CIRCUIT

_____

No. 09-6083

_____

| | | |
|---|---|---|
| In re: G. Yvonne Stephens, | * | |
| | * | |
| Debtor | * | |
| | * | |
| G. Yvonne Stephens, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor - Appellant | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| John A. Hedback, | * | |
| Trustee of the Bankruptcy Estate | * | |
| of G. Yvonne Stephens, and | * | |
| Mary Jo A. Jensen-Carter, | * | |
| Trustee of the Bankruptcy Estate | * | |
| of Larry K. Alexander, | * | |
| | * | |
| Trustees - Appellees | * | |

_____

Submitted: February 26, 2010
Filed: March 12, 2010

_____

Before SCHERMER, FEDERMAN, and MAHONEY, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

Debtor G. Yvonne Stephens appeals from the Order of the Bankruptcy Court[1] approving a settlement entered between the Trustee in her Chapter 7 bankruptcy case, John A. Hedback, and the Trustee in her husband's separate Chapter 7 bankruptcy case, Mary Jo A. Jensen-Carter. The Debtor asserts that the Bankruptcy Court's approval of the settlement was error because it failed to consider her claimed homestead interest in the property involved. For the reasons that follow, we AFFIRM the Bankruptcy Court's Order.

G. Yvonne Stephens, also known as Georgina Yvonne Stephens, filed a Chapter 7 bankruptcy case in August 1998. Her case is related to a separate case filed in 1998 by her then-husband, Larry Kenneth Alexander. As the Bankruptcy Court in this case has previously phrased it, these two cases have lengthy and thoroughly-litigated histories,[2] much of which involved property located at 875 Laurel Avenue in St. Paul, Minnesota, which Ms. Stephens occupies as her residence and now claims is her homestead.

The details concerning the Laurel property, and the litigation involving it, have been recited numerous times,[3] and, by an Order Granting Partial Summary Judgment against Ms. Stephens entered on January 4, 2006 (the 2006 Order),[4] the Bankruptcy

---

[1] The Honorable Dennis D. O'Brien, Bankruptcy Judge, United States Bankruptcy Court for the District of Minnesota.

[2] *Jensen-Carter v. Stephens (In re Alexander)*, Case No. 98-33694, Adv. No. 04-3468, *Order Granting Partial Summary Judgment* at 2 (Doc. #26) (Bankr. D. Minn. Jan. 5, 2006).

[3] *See, e.g., In re Alexander*, 239 B.R. 911, 916 (B.A.P. 8th Cir. 1999), *aff'd* 236 F.3d 431 (8th Cir. 2001); *Alexander v. Jensen-Carter (In re Alexander)*, 270 B.R. 281 (B.A.P. 8th Cir. 2001), *aff'd* 44 Fed. Appx. 32 (8th Cir. 2002); *Stephens v. Jensen Carter (In re Stephens)*, 276 B.R. 610 (B.A.P. 8th Cir. 2002), *aff'd* 53 Fed. Appx. 392 (8th Cir. 2002); *Stephens v. Jensen-Carter (In re Alexander)*, 288 B.R. 127 (B.A.P. 8th Cir. 2003); *Alexander v. Jensen-Carter (In re Alexander)*, 289 B.R. 711 (B.A.P. 8th Cir. 2003), *aff'd* 80 Fed. Appx. 540 (8th Cir. 2003).

[4] The 2006 Order is found at *Jensen-Carter v. Stephens (In re Alexander)*, Case No. 98-33694, Adv. No. 04-3468, *Order Granting Partial Summary Judgment* (Doc. #26) (Bankr. D.

2

Court ultimately resolved all of the relevant facts regarding the Laurel property. That 2006 Order was affirmed by both the District Court for the District of Minnesota and the Court of Appeals for the Eighth Circuit.[5] Hence, we need not, and do not, discuss in detail the events leading up to the 2006 Order but, instead, relate what the Bankruptcy Court concluded in that Order, what the District Court said in its Memorandum Opinion and Order affirming it, and the events occurring subsequent to those decisions.

In sum, the Bankruptcy Court determined in the 2006 Order that neither Ms. Stephens, nor Mr. Alexander, was entitled to claim an ownership interest in the Laurel property, and, further, that neither of them had properly claimed a homestead exemption in it.[6] The Bankruptcy Court also found that Stephens' trustee had not abandoned the estate's interest in the Laurel property.[7] Consequently, the Bankruptcy Court concluded that the fight over the house was between the trustees of the debtors' respective bankruptcy estates.[8]

The Bankruptcy Court then concluded in the 2006 Order that summary judgment was not appropriate as to the issues between the two trustees – *i.e.,* whether, by virtue of a March 1998 deed, Mr. Alexander properly conveyed an interest in the 875 Laurel property to Ms. Stephens, which would be an interest belonging to Ms. Stephens' bankruptcy estate, and whether such transfer could be avoidable by

---

Minn. Jan. 5, 2006).

[5] *Stephens v. Jensen-Carter*, 2007 WL 2885813 (D. Minn. Sept. 27, 2007); *Stephens v. Hedback*, 321 Fed. Appx. 536 (8th Cir. 2009).

[6] *See, e.g.,* 2006 Order at 9 ("Neither debtor properly claimed an exemption in the Laurel property and neither maintains an ownership interest in that property.").

[7] 2006 Order at 7-8.

[8] 2006 Order at 9.

Alexander's bankruptcy trustee.[9]  However, because there was "no fact or legal question now undetermined relative to either Larry Alexander or Georgina Stephens with respect to the property," summary judgment was appropriate as to her claimed interests in it.[10]  In its disposition, the Court expressly ordered that "G. Yvonne Stephens and Larry Kenneth Alexander are each declared to have no exemption in and no ownership interest in the property at issue herein, the real property commonly described as 875 Laurel Avenue in Saint Paul, Minnesota."[11]  The Bankruptcy Court ordered that the property be sold, with the net proceeds to be held by Alexander's trustee pending a final determination of the issues remaining as between the two bankruptcy estates as to their claimed interests in the property.

As stated, the District Court affirmed the 2006 Order, expressly and unambiguously agreeing with the conclusion that neither Alexander, nor Ms. Stephens, had an ownership or exemption interest in the property.[12]  Moreover, the District Court found that Ms. Stephens and Mr. Alexander were vexatious litigants who were congesting the courts' dockets, and barred them from making "any further filings of any kind relating to 875 Laurel Avenue, the Stephens bankruptcy, the Alexander bankruptcy, or the Jensen-Carter adversary proceeding" in either the Bankruptcy Court or the District Court, unless the filing was signed by an attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure, or they had obtained the court's advance authorization to file such pleading.[13]  Ms. Stephens appealed the

---

[9]  2006 Order at 8.

[10]  2006 Order at 9.

[11]  2006 Order at 10.

[12]  *Stephens v. Jensen-Carter*, 2007 WL 2885813 at *2 ("In short, Judge O'Brien found that the Debtors have no valid claim to 875 Laurel, and that at this point, the fight over the house is essentially between the trustees of their bankruptcy estates, Jensen-Carter and Hedback.  The Court agrees wholeheartedly with Judge O'Brien.").

[13]  *Stephens v. Jensen-Carter*, 2007 WL 2885813 at *6-7.

Bankruptcy Court and District Court's decisions to the Eighth Circuit, which affirmed in all respects.[14]

Meanwhile, on March 28, 2006, while the Bankruptcy Court's 2006 Order was on appeal to the District Court, Ms. Stephens filed amended schedules listing the Laurel property and claiming it exempt as her homestead. Both trustees objected to the claimed exemption. The objections to exemptions were stayed by the Bankruptcy Court pending the outcome of the appeal of the 2006 Order. Although the appeal of the 2006 Order was decided in the trustees' favor, as discussed above, these latest objections to exemptions were never placed back on the Court's docket.

Then, in November 2009, the two trustees entered into an agreement which resolved the issues between the two bankruptcy estates as to how the proceeds from the sale of the Laurel property were to be divided. On November 20, 2009, they filed motions to approve the settlement in the two bankruptcy cases. On December 14, 2009, Ms. Stephens, *pro se*, without prior court approval, filed an objection to the settlement, in contravention of the District Court's bar against her filing such pleadings. The Bankruptcy Court conducted a hearing on the settlement on December 17, 2009, and allowed Ms. Stephens to argue her position. The Bankruptcy Court then ruled that the prior orders had been conclusive that neither Stephens nor Alexander had an interest in the property and, further, that Ms. Stephens' attempt in 2006 to claim the Laurel property exempt had no effect. In addition, although the Bankruptcy Court had allowed Ms. Stephens to argue her position in court, he admonished her for filing her objection to the settlement in total disregard of the orders of the courts. That

---

[14] *Stephens v. Hedback*, 321 Fed. Appx. 536 (8th Cir. 2009). Recently, despite being repeatedly told that they have no interest in the property, and warned by the courts to cease litigation involving the property, on January 4, 2010, Mr. Alexander filed an action against Trustee Hedback in the Ramsey County District Court, seeking a declaratory judgment that he owns the Laurel property. Hedbeck removed that action to the District Court, which dismissed the case with prejudice, once again determining that "[a]ll of the theories now advanced have been or could have been raised in the prior actions" involving the Laurel property. *Alexander v. Hedback*, Case No. 10-cv-227, *Order* (Doc. #6) (D. Minn. February 23, 2010).

5

same day, December 17, 2009, the Bankruptcy Court entered an Order approving the settlement. Ms. Stephens appeals from that Order.

The trustees[15] point out first that Ms. Stephens' objection to the settlement was filed in contravention of the District Court's bar against her filing pleadings *pro se*, and suggest that we not consider this appeal on that basis. However, it bears mention here that she is represented by counsel in this appeal, and that the Bankruptcy Court did permit her to make her argument to it *pro se* at the hearing on the settlement. In any event, we believe it preferable to consider her appeal on the merits.

As to the merits of the appeal, Ms. Stephens asserts that, because the Bankruptcy Court has not expressly sustained the trustees' objections to her 2006 amended schedules purporting to claim the Laurel property exempt, she has successfully exempted the property, thereby removing it from her estate and depriving the trustees of the authority to administer it through the settlement.

Ms. Stephens is correct that Rule 1009 permits debtors to amend their schedules "as a matter of course at any time before the case is closed."[16] Further, in *In re Ladd*, the Eighth Circuit held that the denial of a debtor's claimed exemptions under one provision is not, generally, *res judicata* as to the debtor's subsequent attempt to claim alternative or amended exemptions.[17] Moreover, as a general principle, claimed exemptions are presumptively valid.[18] Based on that, Ms. Stephens asserts that her 2006 attempt to claim the Laurel property exempt stands, regardless of any prior orders, and the property is therefore out of the reach of the trustees.

---

[15] Mr. Hedback filed an Appellee Brief in this matter, with which Ms. Jensen-Carter joined.

[16] Fed. R. Bankr. P. 1009(a).

[17] 450 F.3d 751, 753-55 (8th Cir. 2006).

[18] *In re Grueneich*, 400 B.R. 680, 684 (B.A.P. 8th Cir. 2009).

The patent flaw in this argument is that a debtor cannot claim an exemption in property in which she has no interest.[19] As outlined above, the Bankruptcy Court, the District Court, and the United States Court of Appeals for the Eighth Circuit have very clearly, and finally, determined that *Ms. Stephens has no interest in the Laurel property*. Filing the amended schedules claiming the property exempt does not serve to undo the prior orders declaring that she has no interest in it in the first place. In other words, while a subsequent attempt to amend exemptions is generally not barred by *res judicata*, any attempt to assert an exemption in any property is meaningless if the debtor does not have an interest in such property. Therefore, the Bankruptcy Court was correct when it announced at the December 17 hearing that her attempt to subsequently claim the exemption in the property was of no effect – in other words, a nullity.

Ms. Stephens next points out that the Bankruptcy Court has not found that she amended her exemptions in 2006 in bad faith. While the general rule allows liberal amendment to exemptions, the ability to amend is not absolute, and bad faith on the part of the debtor is one exception to the general rule.[20] Here, the record is rife with evidence of Ms. Stephens' bad faith with regard to the Laurel property and, had the Bankruptcy Court been required to decide the merits of the 2006 attempt to amend her exemptions, it easily could have denied the amended exemptions on the basis of bad faith. But, because Ms. Stephens has no interest in the Laurel property in the first place, and the attempted exemption is thus a nullity, it was not necessary for the Bankruptcy Court to reach the issue of bad faith. In other words, Ms. Stephens' bad faith (or good faith) on the issue whether she can exempt the Laurel property is entirely irrelevant at this point. Consequently, her suggestion that the trustees failed

---

[19] *In re Eagle*, 373 B.R. 609, 612 (B.A.P. 8th Cir. 2007) ("The Debtor is not entitled to a homestead exemption in property which he does not own."); *In re Moss*, 258 B.R. 427, 430 (Bankr. W.D. Mo. 2001) ("[D]ebtors are only allowed to claim an exemption in property in which they have an interest.").

[20] *In re Ladd*, 450 F.3d at 755.

to meet their burden on the propriety of the claimed exemption, and that she was deprived of a hearing on that issue, are without merit.

Remarkably, the remainder of Ms. Stephens arguments are based on the premise that she does, in fact, have an interest in the Laurel property. Essentially, she asserts that the Court's directing the trustees to administer the property is inconsistent with a finding that she had no interest, and that the various courts have given insufficient attention to the 1998 deed mentioned above. For reasons that should be more than obvious at this point, these arguments have no merit and bear no further discussion.

For the foregoing reasons, the Bankruptcy Court's December 17, 2009 Order approving the settlement between John A. Hedback and Mary Jo A. Jensen-Carter, as trustees of the bankruptcy estates of G. Yvonne Stephens and Larry K. Alexander, is AFFIRMED.

---