# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2476
_____

Andrew Will Alexander and
Georgina Yvonne Stephens

*Appellant*s

v.

Mary Jo A. Jensen-Carter
and John A. Hedback

*Appellee*s

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 11, 2013
Filed: April 2, 2013

_____

Before MELLOY, ARNOLD, and SMITH, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Georgina Stephens and Andrew Alexander appeal from the decision of the district court[1] affirming an order of the bankruptcy court giving possession of disputed property to John Hedback and Mary Jo Jensen-Carter, trustees of the individual bankruptcy estates of Ms. Stephens and Larry Alexander (Mr. Alexander), respectively. Ms. Stephens and Mr. Alexander were previously married, and Andrew is their son. We affirm.

This case originates from the separate bankruptcy petitions that Ms. Stephens and Mr. Alexander filed during their marriage, and it concerns the ownership and possession of a house in St. Paul, Minnesota (the house). Ms. Stephens and Andrew also rely on a quit-claim deed by which Mr. Alexander purportedly transferred the house to them shortly before filing his bankruptcy petition in 1998. (The deed is dated March 15, 1998, but was not recorded until June 30, 2003.) The litigation over the house has involved numerous appeals and parallel proceedings in state courts, bankruptcy courts, district courts, and our court. Because the parties assert that various preclusion doctrines – law-of-the-case, collateral estoppel, and res judicata – control the outcome here, we recount some of the case's long procedural history.

When Mr. Alexander married Ms. Stephens in 1990, he owned the house. The couple lived there in 1998, when Mr. Alexander moved out and filed for divorce. About a week later, Mr. Alexander filed an individual bankruptcy petition and later unsuccessfully claimed a homestead exemption in the house, *see* Minn. Stat. § 510.01; 11 U.S.C. § 522(b)(3)(A). Ms. Stephens filed for bankruptcy a few months after her husband; she said in her bankruptcy filings that she lived in the house and paid rent to Mr. Stephens, and she did not then claim a homestead exemption.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

In 2001, Ms. Jensen-Carter filed a state-court action under Minnesota's unlawful-detainer statute, *see* Minn. Stat. § 504B.301, to obtain possession of the house and evict Ms. Stephens. Ms. Stephens removed the action to federal court, but the district court[2] remanded it, saying that it was a state court action for possession "as to which no independent federal jurisdiction exist[ed]." During that state proceeding and several parallel federal proceedings, Ms. Stephens asserted that she had a homestead interest in the house and that Mr. Alexander had transferred his interest in the house to her and Andrew by signing the above-mentioned quitclaim deed. In the unlawful detainer action, the state court denied possession of the house to Ms. Jensen-Carter: It concluded that Ms. Stephens had made out a *prima facie* case that she acquired a homestead interest upon marriage to Mr. Alexander and continued to live in the house as her homestead, and that Ms. Jensen-Carter failed to meet her burden of producing evidence to create a material fact question as to whether Ms. Stephens had abandoned the homestead interest or it had otherwise been extinguished. Ms. Jensen-Carter voluntarily dismissed her appeal of the state court decision.

In 2004, Ms. Jensen-Carter reopened Ms. Stephens's bankruptcy case and filed an adversary action against Ms. Stephens, Mr. Hedback, and Mr. Alexander, alleging that the quitclaim deed was an avoidable fraudulent conveyance, *see* 11 U.S.C. § 549, and asking the court to evict Ms. Stephens and to declare Mr. Alexander's bankruptcy estate to be the sole owner of the house. Ms. Stephens removed the case from bankruptcy court to district court and moved for summary judgment, arguing, in part, that the action to avoid the deed as fraudulent was time-barred by 11 U.S.C. § 549(d).

---

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendation of The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

The district court[3] denied Ms. Stephens's motion for summary judgment. In addressing her arguments, the court indicated its belief that an order evicting Ms. Stephens would essentially "vacate" the state court's ruling that Ms. Stephens "has a possessory interest" in the house and thus contravene the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983). At the same time, the court recognized that the state court had decided only that Ms. Stephens had an "immediate possessory right" in the house, not "to what extent, if any," she had a legal or equitable ownership interest in it or whether the house was part of, or exempted from, her bankruptcy estate. After denying summary judgment, the district court referred the case to the bankruptcy court for further proceedings.

On referral, the bankruptcy court determined that Ms. Stephens had not properly claimed any exemption in the house in her bankruptcy filings. The court concluded that it could not determine the timeliness of the § 549 action on summary judgment because there was insufficient evidence as to when Ms. Jensen-Carter first knew that the deed existed and that Ms. Stephens intended to rely on it. But the court said that it saw no reason to postpone the "inevitable sale" of the house because Ms. Stephens had no ownership interest in it and Andrew's potential "joint tenancy possessory interest" was not protected when the joint tenancy was severed by his father filing bankruptcy. The bankruptcy court held that Ms. Stephens and Mr. Alexander had neither an exemption nor an ownership interest in the house, and that Ms. Jensen-Carter was authorized to sell it under 11 U.S.C. § 363, "free and clear of any claims, liens, or encumbrances as may be claimed by either [Ms. Stevens or Mr. Alexander] or anyone acting on their behalf." The district court[4] affirmed the

---

[3]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

[4]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

bankruptcy court, and we affirmed the district court's decision, *Stephens v. Hedback*, No. 07-3342, 2009 WL 1054532 (8th Cir. April 21, 2009) (unpublished per curiam).

In 2009, Ms. Jensen-Carter and Mr. Hedback settled the adversary actions that Ms. Jensen Carter had filed and agreed to sell the house and divide the proceeds between the bankruptcy estates. The bankruptcy court approved the settlement, over Ms. Stephens's objection, and Ms. Stephens appealed. A bankruptcy appellate panel affirmed, reiterating that Ms. Stephens lacked an interest in the house, *In re Stephens*, 425 B.R. 529, 63 Collier Bankr. Cas. 2d 764 (B.A.P. 8th Cir. 2010), and we affirmed that order, *see Alexander v. Hedback*, No. 10-1667/10-1855, 2010 WL 3894638 (8th Cir. Oct. 6, 2010) (unpublished per curiam).

In 2011, the bankruptcy court, on Ms. Jensen-Carter's motion, declared the two trustees to be the sole owners of the house and evicted Ms. Stephens and Mr. Alexander. Ms. Stephens and Andrew appealed to the district court. After dismissing Andrew's appeal because it determined that he lacked standing to appeal the bankruptcy court's order, the district court affirmed. Ms. Stephens and Andrew then filed this appeal.

## II.

Because Andrew has not challenged the district court's determination that he lacked standing to appeal the bankruptcy court's decision, we deem the issue waived. *See XO Mo., Inc. v. City of Md. Heights*, 362 F.3d 1023, 1025 (8th Cir. 2004). Andrew has thus conceded that he did not have standing in the district court, and we therefore conclude that he has no standing to appeal its merits decision and dismiss his appeal. *See United States v. 24.30 Acres of Land*, No. 03-3678, 2004 WL 1717361, at *1 (8th Cir. 2004) (unpublished per curiam).

III.

Ms. Stephens offers several arguments to support her contention that the bankruptcy court lacked jurisdiction to evict her. We summarily reject most of her jurisdictional arguments because of the law-of-the-case doctrine: "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also Morris v. American Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir.1993). This principle applies to both appellate decisions and district court decisions that have not been appealed. *First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 620 (8th Cir. 2007) (internal citation omitted). We thus follow earlier decisions, making an exception only if " 'clear error or manifest injustice' " appears in the court's "assertion of jurisdiction." *See Ritchie Special Credit Invs., Ltd. v. U.S. Trustee*, 620 F.3d 847, 856 (8th Cir. 2010) (Colloton, J., concurring) (quoting *McCuen v. American Cas. Co.*, 946 F.2d 1401, 1403 (8th Cir. 1991)).

As we have said, District Judge Schiltz affirmed the bankruptcy court's ruling that Ms. Stephens had no ownership or exemption interest in the house and that Ms. Jensen-Carter could sell it without any encumbrances. In so doing, the judge explained Ms. Stephens's arguments on appeal: That the state court's refusal to evict her in the unlawful detainer action "forever cut off anyone else's claims to the property," and that the federal courts' "disposition of various cases related in some way" to the unlawful-detainer action meant that the district court had already decided that she was entitled to the house and could not "revisit that purported decision." Judge Schiltz concluded generally that these arguments lacked merit and specifically rejected the contentions that the federal courts lacked jurisdiction because of the district court's remand of the unlawful detainer action to state court and because of the *Rooker-Feldman* doctrine, the same contentions that Ms. Stephens advances here. We affirmed that judgment. *Stephens*, 2009 WL 1054532, at *1.

-6-

By affirming Judge Schiltz's decision, we have already held that the bankruptcy court had jurisdiction to evict her. *See id.* Because we detect no clear error or manifest injustice in these holdings, they continue to govern this case.

## IV.

Ms. Stephens also relies on non-jurisdictional grounds for her contention that the district court was barred from evicting her, and we conclude that our affirmance of Judge Schiltz's ruling compels us to reject her res judicata and collateral estoppel arguments. Ms. Stephens contends that the unlawful-detainer decision and federal court rulings (including remand of that case to the state court) prevented the federal courts from evicting her. But, as we have said, Judge Schiltz rejected her assertion that the state's unlawful-detainer decision "cut off" anyone else's right to the house, and disagreed that the federal courts' decisions somehow meant that the district court had decided that she was entitled to the house. By affirming, we summarily held that the state court decision did not prevent federal courts from determining that Ms. Stephens had no interest, and therefore no right of possession, in the property.

Ms. Stephens's law-of-the-case argument is somewhat different: She argues that Judge Magnuson's 2005 order denied Ms. Jensen-Carter's request to evict Ms. Stephens and is the law of the case, precluding the bankruptcy court from ordering her eviction. In the order denying summary judgment, Judge Magnuson stated that Ms. Jensen-Carter, by asking that Ms. Stephens be evicted, "appear[ed]" to be seeking "to vacate" the state court ruling that Ms. Stephens "has a possessory interest" in the house and "[a]ny attempt by this Court to do so would run afoul of the *Rooker-Feldman* doctrine." But Ms. Stephens's reliance on Judge Magnuson's statement fails because the law-of-the-case doctrine does not apply to interlocutory orders, *see First Union Nat'l Bank*, 477 F.3d at 620, and Judge Magnuson's 2005 remark regarding an eviction order was, at best, an interlocutory order, because it did not resolve several issues on the merits; he instead referred the case to the bankruptcy court to decide the unresolved claims. The comment on eviction was thus not a

decision that left "nothing for the court to do but execute the judgment." *Maristuen v. National States Ins. Co.*, 57 F.3d 673, 676 (8th Cir. 1995). Indeed, we dismissed Ms. Stephens's appeal of Judge Magnuson's order for lack of jurisdiction because it was not a final, appealable decision. *See Stephens, et al. v. Jensen-Carter, el al.*, No. 05-2167 (8th Cir. May 20, 2005).

We also reject Ms. Stephens's contention that "the entire adversary proceeding should be dismissed" because Ms. Jensen-Carter's action to avoid the deed as a fraudulent conveyance was time-barred, *see* 11 U.S.C. § 549(d). As the district court noted, the bankruptcy court's order from which Ms. Stephens appeals simply does not address and is not based on Ms. Jensen-Carter's § 549 action. And we have affirmed -- via our affirmance of Judge Schiltz's 2007 order -- the bankruptcy court's holding that the outcome of the § 549 action does not affect Ms. Stephens's ownership interests in (and thus her right of possession to) the house. *See Stephens*, 2009 WL 1054532, at *1. We note too that Ms. Jensen-Carter and Mr. Hedback settled the adversary action, and we affirmed the bankruptcy court's approval of the settlement over Ms. Stephens's objections, agreeing with the bankruptcy appellate panel that Ms. Stephens had no interest in the house. *See Alexander*, 2010 WL 3894638, at *1. We do not consider, because he lacks standing, how Andrew could be affected by the outcome of the § 549 action. Therefore, Ms. Jensen-Carter's § 549 action is irrelevant to the order under appeal.

We do not address Ms. Stephens's contention that the bankruptcy court's lack of personal jurisdiction over Andrew prohibited it from ordering the house sold and the seizure of any property that he left in the house. That argument is based on Andrew's rights, we have dismissed his appeal, and his mother lacks standing to protect his purported interests here, *see* 13B Charles Alan Wright et al., Federal Practice & Procedure § 3531.9 (3d ed. 2011).

Ms. Stephens also challenges Mr. Hedback's standing. She argues that Mr. Hedback's lack of participation in some of the many proceedings regarding the house somehow divests him of standing. But Mr. Hedback, as trustee, has a duty to "collect and reduce to money the property of the estate for which" he serves, 11 U.S.C. § 704(a)(1); *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007), and this statutory duty confers standing upon bankruptcy trustees to protect the interests of bankruptcy estates in claims affecting property possibly belonging to them. The outcome of the case plainly affects whether Mr. Hedback can sell the house and collect the proceeds on behalf of the bankruptcy estate. Insofar as Ms. Stephens contends that Mr. Hedback lacks standing because of the state's unlawful-detainer decision or because of the *Rooker-Feldman* doctrine, such arguments are foreclosed by our previous holding that neither the *Rooker-Feldman* doctrine nor, relatedly, the state court decision divests the federal courts of jurisdiction over the house. *See Stephens*, 2009 WL 1054532, at *1. Finally, Ms. Stephens provides no authority (and we find none) for her assertion that Mr. Hedback lacks standing in this case for not filing permissive cross-claims under Fed. R. Civ. P. 13(g).

Affirmed.

_____