# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2684

_____

In re: G. Yvonne Stephens; Larry K. Alexander

*Debtor*s

-----------------------------

Andrew Will Alexander

*Appellant*

Larry Kenneth Alexander; Georgina Yvonne Stephens

v.

John A. Hedback; Mary Jo. A. Jensen-Carter

*Appellee*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 10, 2014
Filed: April 2, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Over the past 15 years, Andrew W. Alexander and his parents have made numerous frivolous claims to ownership and a homestead exemption in real property in St. Paul, Minnesota.[1] In 2011, the bankruptcy trustees evicted them and tried to sell the property. The bankruptcy court[2] authorized the sale free and clear of any encumbrances. Alexander filed a lis pendens, delaying the sale. The trustees moved for $25,000 in damages, plus attorney's fees and expenses. The bankruptcy court scheduled a hearing and discovery on the motion, but Alexander and his attorney, Daniel L.M. Kennedy, refused to cooperate. The bankruptcy court imposed sanctions, including (1) a default judgment of $25,000 against Alexander and Kennedy, jointly and severally; (2) $10,184.70 in attorney's fees and expenses against Alexander and Kennedy, jointly and severally; and (3) $10,000 against Kennedy individually. Alexander appealed to the district court,[3] which affirmed. *In re Stephens*, No. 12-2775/12-2785, 2013 WL 3465281 (D. Minn. July 10, 2013)

---

[1]*See, e.g., In re Alexander*, 239 B.R. 911 (8th Cir. BAP 1999), *aff'd*, 236 F.3d 431 (8th Cir. 2001); *In re Alexander*, 242 F.3d 373 (8th Cir. 2000) (unpublished); *In re Alexander*, 270 B.R. 281 (8th Cir. BAP 2001), *aff'd,* 44 Fed. Appx. 32 (8th Cir. 2002) (unpublished); *In re Stephens*, 276 B.R. 610 (8th Cir. BAP 2002), *aff'd*, 53 Fed. Appx. 392 (8th Cir. 2002) (unpublished); *In re Alexander*, 288 B.R. 127 (8th Cir. BAP 2003); *In re Alexander*, 289 B.R. 711 (8th Cir. BAP 2003), *aff'd*, 80 Fed. Appx. 540 (8th Cir. 2003) (unpublished); *Stephens v. Hedback*, 321 Fed. Appx. 536 (8th Cir. 2009) (unpublished); *In re Stephens*, 425 B.R. 529 (8th Cir. BAP 2010), *aff'd sub nom. Alexander v. Hedback*, 395 Fed. Appx. 314 (8th Cir. 2010) (unpublished); *Alexander v. Jensen-Carter*, 711 F.3d 905 (8th Cir. 2013).

[2]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

[3]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

(unpublished). He now appeals to this court, attacking the bankruptcy court's jurisdiction and sanctions.

Upon careful review of the record and the arguments on appeal, we agree with the findings and conclusions of the district court and the bankruptcy court. *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 (8th Cir. 2001) ("We review sanction orders under the abuse of discretion standard."); *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382, 1384 (8th Cir. 1996) (questions of law, including personal jurisdiction, are reviewed de novo). *See also Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (personal jurisdiction may be obtained through "formal submission in a cause, or by submission through conduct"), *quoting Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939). The judgment is affirmed. *See* 8th Cir. R. 47B.

_____