# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1453

_____

In re: Richard Michael Heyl; Jennifer Heyl

*Debtor*s

------------------------------

Steve Conway

*Appellant*

LorCon LLC #1

v.

Richard Michael Heyl

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: October 7, 2014
Filed: October 22, 2014
[Published]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Steve Conway appeals the judgment of the Bankruptcy Appellate Panel (BAP), which dismissed his appeal from an adverse ruling of the bankruptcy court.[1] Like the BAP, we conclude that Conway does not have standing, and dismiss this appeal.

Debtor Richard Heyl filed a voluntary Chapter 7 bankruptcy petition in August 2009. Through counsel, Conway's company LorCon, LLC # 1 (LorCon) filed proof of a claim against Heyl, listing LorCon as the creditor; and Conway and LorCon filed an adversary proceeding in the bankruptcy court, seeking as relief a ruling that LorCon's claim was not dischargeable under 11 U.S.C. § 523(a)(2)(A). After trial on the merits, the bankruptcy court denied Conway and LorCon's requested relief. Conway and LorCon did not appeal, but later moved for relief from judgment under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60, which the bankruptcy court denied. Conway and LorCon then appealed to the BAP. After their appellate counsel withdrew, Conway voluntarily dismissed LorCon from the appeal, and proceeded pro se. The BAP held that Conway lacked appellate standing, and dismissed his appeal.

In this court, Conway argues that he has standing to appeal the bankruptcy court's order, and he has filed motions to supplement the record with evidence to demonstrate his standing. Heyl argues that the BAP correctly dismissed Conway's appeal for lack of standing, and emphasizes that the proof of claim filed in Heyl's bankruptcy proceeding demonstrated that LorCon (not Conway) was the creditor.

After careful review, we hold that Conway does not have standing to appeal the bankruptcy court's adverse ruling on LorCon's claim. See Peoples v. Radloff, No. 13-2686, 2014 U.S. App. LEXIS 15994, at *5-7 (8th Cir. Aug. 20, 2014) (on appeal

---

[1]The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

from decision of BAP, this court acts as second reviewing court; independently reviewing standing issue). The proof of claim submitted in Heyl's bankruptcy proceeding showed that LorCon had a claim against Heyl's bankruptcy estate, which Conway merely sought to enforce. See 11 U.S.C. §§ 101(5), 501(a); Sears v. U.S. Tr., 734 F.3d 810, 819 (8th Cir. 2013) (appellate standing in bankruptcy case is determined by person-aggrieved doctrine, which limits standing to those who were directly and adversely affected pecuniarily by bankruptcy court's order). Conway, who has not claimed to be a licensed attorney, cannot litigate on behalf of LorCon. See Mo. Rev. Stat. §§ 347.069.1 (member, manager, employee, or agent of LLC is not proper party to proceedings by or against LLC, except where object is to enforce such person's right against or duty or liability to LLC), .171 (member of LLC can bring derivative action on behalf of LLC only if certain conditions are met, including demand on and refusal of authorized persons to cause LLC to sue in its own right); Lattanzio v. Comm'n On Massage Therapy Accreditation, 481 F.3d 137, 139-40 (2d Cir. 2007) (per curiam) (LLC may appear in federal court only through licensed counsel). Further, Conway has no standing in this bankruptcy appeal to litigate his derivative interest in LorCon's claim. Cf. Sears, 734 F.3d at 813, 820-21 (even sole shareholders of closely held S corporation lacked standing to pursue bankruptcy appeal, as their interest in litigation was merely derivative of corporation's). Conway's supplemental exhibits submitted to this court do not alter our analysis. Cf. Dakota Indus. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (acknowledging narrow interest-of-justice exception to general rule that appellate court cannot consider evidence that was not contained in record below).

Accordingly, the appeal is dismissed. See Alexander v. Jensen-Carter, 711 F.3d 905, 908-09 (8th Cir. 2013) (dismissing bankruptcy litigant's appeal for lack of standing). Appellant's motions to supplement the record are denied; appellee's motion to strike is granted.

_____