Delaney v Sullivan & Cromwell LLP (2024 NY Slip Op 50854(U))

[*1]

Delaney v Sullivan & Cromwell LLP

2024 NY Slip Op 50854(U)

Decided on July 8, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 8, 2024
Supreme Court, New York County

Andrew Delaney, Plaintiff,

against
Sullivan & Cromwell LLP, Defendant.

Index No. 657556/2019

Attorneys for Movant:
Gary F. Herbst, Esq. of LaMONICA HERBST & MANISCALCO, LLP
Cristina M. Lipan, Esq. of LaMONICA HERBST & MANISCALCO, LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 were read on this motion to/for PARTIES - ADD/SUBSTITUTE/INTERVENE.
In this action, plaintiff Andrew Delaney alleges that defendant Sullivan & Cromwell committed a breach of contract and tortiously interfered with Delaney's relationship with his clients by improperly interfering with the enforcement of an arbitration award in favor of Delaney's clients, resulting in a loss of millions of dollars in contingency fees for Delaney. In 2020, a year after commencing this action, Delaney filed for Chapter 7 bankruptcy. In motion sequence number 002, Gregory Messer, Esq., in his capacity as the Chapter 7 Trustee of plaintiff's bankruptcy estate, moves pursuant to CPLR 1018, 1021 and 3025 to substitute himself for Delaney as plaintiff in this action. Delaney opposes the motion. For the reasons set forth herein, the motion is granted.
I. BACKGROUND
This action concerns a dispute over the development of a power plant in Laos around 2006. Andrew Delaney asserts that defendant Sullivan & Cromwell improperly interfered with the enforcement of an award issued in his clients' favor in the arbitration of that dispute, and seeks damages for lost contingency fees due to defendant's alleged interference.
Delaney commenced the instant action on December 18, 2019.
About a year later, on December 23, 2020, Delaney filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the Bankruptcy Code) in the Eastern District of New York. By Notice of Appointment, Gregory Messer was appointed the interim chapter 7 trustee of Delaney's estate and has since duly qualified, by operation of law, as the permanent trustee in the case.
On March 22, 2022, the Bankruptcy Court approved a stipulation between Messer and Sullivan & Cromwell (Settlement Stipulation), ordering that the "Trustee has the authority to settle or otherwise resolve all of the Pre-Petition Claims," defined as "all claims, counterclaims, and arguments that Delaney asserted or could have asserted against Sullivan [& Cromwell], including but not limited to any claims asserted in the [instant lawsuit], which arose prior to [December 18, 2019] or relates to a matter that arose prior to [December 18, 2019]."
Messer filed this motion on June 9, 2023. Delaney opposes the motion.

II. DISCUSSION
Filing a bankruptcy petition creates an estate composed of the debtor's property, placed under the control of a trustee who is responsible for managing liquidation of the estate's assets and distribution of the proceeds (see Law v Siegel, 571 US 415, 417 [2014]; 11 U.S.C. §§ 541 [a] [1], 704 [a] [1]). "The Bankruptcy Code broadly defines the property of a debtor to include causes of action existing at the time of the commencement of the bankruptcy action" (Weitz v Lewin, 251 AD2d 402, 402 [2d Dept 1998], citing 11 USC § 541 [a] [1]). "Accordingly, where a debtor has sought chapter 7 bankruptcy protection, the causes of action formerly belonging to the debtor vest in the trustee for the benefit of the estate and the debtor has no standing to pursue such causes of action" (Turner v Owens Funeral Home, Inc., 189 AD3d 914, 916 [2d Dept 2020] [alterations omitted]).
In addition, CPLR 1018 permits that, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action."
Here, movant Messer demonstrates by the Bankruptcy Court's approval of the Settlement Stipulation that, after Delaney commenced this action on December 18, 2019, he voluntarily filed for Chapter 7 bankruptcy. Accordingly, his interest in the claims in this action became part of the bankruptcy estate. Delaney no longer has capacity to sue in this action, and the cause of action has vested in Messer for the benefit of the estate (see Turner v Owens Funeral Home, Inc.). Therefore, Messer demonstrates that substitution is warranted (see CPLR 1018).
In opposition, Delaney submits only a memorandum, without attaching any supporting proof, such as an affirmation, affidavit, or documentary evidence, to substantiate his assertions. For that reason alone, most of his arguments can be disregarded.
A few of his arguments are legal in nature, and the court can address them. In his memorandum, Delaney argues that Messer failed to serve the motion on plaintiff. CPLR 2103 (b) (7) provides that service of papers upon an attorney may be made "by [*2]transmitting the paper to the attorney by electronic means where and in the manner authorized by the chief administrator of the courts by rule." Uniform Rule 202.5-bb (c) (1) expressly provides that "filing and service of all documents in an action that has been commenced electronically . . . shall be by electronic means." Delaney commenced this action electronically, and therefore service of the notice of motion electronically via NYSCEF is appropriate. In addition, Part 43 is an e-filing part (see Part 43 Prac and Pro rule 2 [a]).
Delaney also claims that he did not "voluntarily" file for Chapter 7 bankruptcy, and therefore the bankruptcy process itself is invalid. However, this is belied by his signature on the "Voluntary Petition for Individuals Filing for Bankruptcy" (see Lipan aff, exhibit L). Likewise, Delaney's argument that the Bankruptcy Court has no jurisdiction has already been duly considered rejected by the Bankruptcy Court, which noted Delaney's own representation, under penalty of perjury, that he lived in Queens, New York at the time he filed his bankruptcy petition, and subsequently that the thus provided address was correct.
In addition, Delaney argues that he never relinquished his right to the claims in this action because he "always listed the claims in this lawsuit as exempt." He provides no proof of this claim. In any event, to the extent that Delaney claims that he listed the claim in the lawsuit as exempt in his original bankruptcy petition, this is irrelevant, since the Bankruptcy Court ruled despite any such listing that the claim belongs to the Trustee. To the extent that Delaney claims he listed the claim as exempt in his amendment to Schedules A/B and C dated May 20, 2023, while such an amendment may be permitted by Fed R Bankr P 1009 (a), filing an amended schedule claiming property exempt does not serve to undo prior judicial orders declaring that a debtor had no interest in it in first place (Stephens v Hedback [In re Stephens], 425 BR 529 [8th Cir 2010]). Thus, the amendment did not have the effect of overriding the Bankruptcy Court's prior determination that Delaney's interest in this action was transferred to his bankruptcy estate.
In addition, Delaney argues that, pursuant to 11 USC § 522 (d) (11) (E), debtors may retain "payment in compensation of loss of future earnings . . . to the extent reasonably necessary for the support of the debtor and any dependent of the debtor," also citing In re Gilbert, 213 BR 502, 503 (Bankr ED Ky 1997); Fed R Bankr P rule 4003 (c); Law v Siegel, 571 US 415 [2014]). However, here, Delaney only seeks compensation for damages that accrued prior to the commencement of the action, and none of those damages comprise "future earnings" for the purposes of exemption under 11 USC § 522 (d) (11) (E).
Delaney further argues that the Trustee has no right to Delaney's claim for a declaratory judgment. Other than a decision by the Supreme Court of Mississippi, Delaney cites no authority for this proposition. Further, the Bankruptcy Court has already determined that "the Trustee has the authority to settle or otherwise resolve all of the Pre-Petition Claims" and its decision is binding (see Lipan aff, exhibit F).
The court has considered Delaney's other assertions and has found them unavailing.
Accordingly, it is hereby
ORDERED that the motion is granted, and that Gregory Messer, Esq., as the Chapter 7 Trustee of Andrew Delaney's bankruptcy estate, be substituted as plaintiff in the above-entitled action in the place and stead of the plaintiff, Andrew Delaney, without prejudice to any proceedings heretofore had herein; and it is further
ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended by substituting the name of Gregory Messer, Esq., as the Chapter 7 Trustee of plaintiff's bankruptcy estate, as plaintiff in the place and stead of Andrew Delaney, without [*3]prejudice to the proceedings heretofore had herein; and it is further
ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to amend their records to reflect such change in the caption herein; and it is further
ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)]; and it is further
ORDERED that the parties appear for a status conference via Microsoft TEAMS on August 1, 2024 at 12:00 p.m.
DATE July 8, 2024
ROBERT R. REED, J.S.C.