# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 13-6030

_____

In re: Tri-State Financial, LLC, doing business as North Country Ethanol

*Debtor*

------------------------------

Thomas D. Stalnaker, Trustee

*Plaintiff - Appellant*

v.

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich; James G. Jandrain; American Interstate Bank; George Kramer; Bernie Marquardt; Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust;

*Defendants - Appellees*

Centris Federal Credit Union

*Defendant - Appellant*

------------------------------

Centris Federal Credit Union

Counterclaim and Cross-Claim *Plaintiff - Appellant*

v.

Thomas D. Stalnaker

Counterclaim *Defendant - Appellant*

and

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich; James G. Jandrain; American Interstate Bank; Timothy Jackes; George Kramer; Bernie Marquardt; Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

Cross-Claim *Defendants - Appellees*

_____

No. 13-6036

_____

In re: Tri-State Financial, LLC, doing business as North Country Ethanol

*Debtor*

------------------------------

Thomas D. Stalnaker, Trustee

*Plaintiff - Appellee*

v.

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership

*Defendants - Appellants*

Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich

*Defendant*s

James G. Jandrain; George Kramer; Bernie Marquardt

*Defendants - Appellants*

Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and
Cynthia Vacanti Trust; American Interstate Bank

*Defendant*s

Centris Federal Credit Union

*Defendant - Appellee*

------------------------------

Centris Federal Credit Union

Counterclaim and Cross-Claim *Plaintiff - Appellee*

v.

Thomas D. Stalnaker

Counterclaim *Defendant - Appellee*

------------------------------

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel;
Distefano Family LTD Partnership

Cross-Claim *Defendants - Appellants*

Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich

Cross-Claim *Defendant*s

James G. Jandrain

Cross-Claim *Defendant - Appellant*

American Interstate Bank

Cross-Claim *Defendant*

Timothy Jackes; George Kramer; Bernie Marquardt

Cross-Claim *Defendants - Appellants*

Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

Cross-Claim *Defendant*s

————————

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha

————————

Submitted: December 10, 2013
Filed: February 5, 2014

————————

Before KRESSEL, SCHERMER and NAIL, Bankruptcy Judges.

————————

NAIL, Bankruptcy Judge.

Trustee Thomas Stalnaker and Centris Federal Credit Union appeal the May 21, 2013 judgment of the bankruptcy court to the extent it determined certain funds were not property of the bankruptcy estate. James G. Jandrain, Distefano Family Ltd. Partnership, George Allison, Jr., Frank and Phyllis Cernik, Chris and Amy Daniel, Timothy Jackes, George Kramer, and Bernie Marquardt appeal the same judgment to the extent it awarded Stalnaker certain fees and expenses and surcharged those fees

-4-

and expenses against the funds the bankruptcy court determined were not property of the bankruptcy estate. We reverse and remand for further proceedings consistent with this opinion.

BACKGROUND

In June and July 2003, a group of investors referred to as "the Omaha Group" transferred $2,000,000.00 to Tri-State Financial, LLC. Over the following year, Tri-State Financial transferred $793,654.42 of those funds to Tri-State Ethanol Company, LLC, which was in chapter 11 bankruptcy in the District of South Dakota, and $1,190,000.00 of those funds to one of Tri-State Ethanol's vendors.

In July 2004, Tri-State Ethanol's case was converted to chapter 7, and John Lovald was appointed chapter 7 trustee. Tri-State Financial filed a request for payment of an administrative expense and a proof of claim seeking recovery of both the $793,654.42 and the $1,190,000.00. In July 2006, Lovald paid Tri-State Financial the $793,654.42. Tri-State Financial distributed the entire sum to the Omaha Group.

In November 2008, Tri-State Financial filed a petition for relief under chapter 11 of the bankruptcy code. In January 2009, Stalnaker was appointed chapter 11 trustee. Sometime thereafter, Lovald paid Stalnaker the $1,190,000.00.

In September 2010, Stalnaker filed an adversary proceeding to determine ownership of the $1,190,000.00. Stalnaker claimed the funds were property of the bankruptcy estate. Centris agreed the funds were property of the bankruptcy estate, but it claimed the funds were subject to its blanket security interest in Tri-State Financial's assets. James G. Jandrain, Distefano Family Ltd. Partnership, George Allison, Jr., Frank and Phyllis Cernik, Chris and Amy Daniel, Timothy Jackes, George Kramer, and Bernie Marquardt (collectively, "Jandrain, *et al.*") claimed the funds were held in trust by Tri-State Financial and were thus not property of the

estate. The matter was tried, and on February 13, 2013, the bankruptcy court entered an order: (1) determining the funds were not property of the bankruptcy estate; (2) determining the bankruptcy estate was entitled to be reimbursed both for the legal fees and expenses it incurred in litigating and eventually settling with Lovald and for the attorney fees, costs, and expenses it incurred in the adversary proceeding; and (3) outlining the procedure for Stalnaker to request reimbursement for those fees, costs, and expenses.

Stalnaker requested $35,944.45 for the legal fees and expenses the bankruptcy estate incurred in litigating and eventually settling with Lovald and $61,886.90 for the attorney fees, costs, and expenses the bankruptcy estate incurred in the adversary proceeding. No party in interest objected to the amounts requested or to the $35,944.45 being surcharged against the $1,190,000.00. However, several parties in interest, including Jandrain, *et al.*, objected to the $61,886.90 being surcharged against the $1,190,000.00. The matter was heard, and on May 21, 2013, the bankruptcy court entered an order allowing the amounts requested and surcharging both the $35,944.45 and the $61,886.90 against the $1,190,000.00.

On May 21, 2013, the bankruptcy court entered a judgment incorporating the terms of its February 13, 2013 and May 21, 2013 orders. Stalnaker and Centris timely filed a notice of appeal. Jandrain, *et al.*, timely filed a notice of cross appeal.

STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 678-79 (8th Cir. 2011).

DISCUSSION

Stalnaker and Centris identify fifteen issues presented on appeal. Jandrain, *et al.*, identify an additional fifteen issues presented on appeal and identify three issues presented on cross-appeal. These issues may all be boiled down to two: (1) whether the bankruptcy court erred in concluding the $1,190,000.00 was not property of the bankruptcy estate; and (2) whether the bankruptcy court erred in surcharging Stalnaker's attorney fees, costs, and expenses against the $1,190,000.00. Having reviewed the record and having considered the arguments of the parties, we believe any consideration of either issue is premature.

In their post-trial brief, Stalnaker and Centris argued, *inter alia*, "[Tri-State Financial] is judicially estopped from having any intent or position imputed upon it other than the [$1,190,000.00] belong[s] to [Tri-State Financial]." Stalnaker and Centris also argued a "sweeping release" executed in August 2006 by all but two members of the Omaha Group–Jandrain and Radio Engineering Industries, Inc.–"includes any claimed obligation of [Tri-State Financial] to turn over the [$1,190,000.00] to [those parties.]" Finally, Stalnaker and Centris argued the Omaha Group "should be estopped from asserting ownership to the [$1,190,000.00]." Both the bankruptcy court's February 13, 2013 order and its May 21, 2013 order are silent with respect to these arguments.

We could, perhaps, interpret the bankruptcy court's silence as an implicit rejection of Stalnaker and Centris's arguments and render an opinion on that basis. However, we believe the better course is to afford the bankruptcy court an opportunity to consider those arguments, if it did not in fact do so, and explain its reasoning for accepting or rejecting them.

## CONCLUSION

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

_____