# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6018

_____

In re: Tri-State Financial, LLC, doing business as North Country Ethanol

*Debtor*

------------------------------

Thomas D. Stalnaker, Trustee

*Plaintiff - Appellee*

v.

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel;
Distefano Family LTD Partnership

*Defendants - Appellants*

Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich

*Defendants*

Timothy Jackes; James G. Jandrain;

*Defendants - Appellants*

American Interstate Bank

*Defendant*

George Kramer; Bernie Marquardt

*Defendants - Appellants*

Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

*Defendants*

Centris Federal Credit Union

*Defendant - Appellee*

------------------------------

Centris Federal Credit Union

Counterclaim and Cross-Claim *Plaintiff - Appellee*

v.

Thomas D. Stalnaker, Trustee

Counterclaim *Defendant - Appellee*

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership

Cross-Claim *Defendants - Appellants*

Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich

Cross-Claim *Defendants*

Timothy Jackes; James G. Jandrain; George Kramer; Bernie Marquardt

Cross-Claim *Defendants - Appellants*

Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

Cross-Claim *Defendants*

_____

No. 14-6019
_____

In re: Tri-State Financial, LLC, doing business as North Country Ethanol

*Debtor*

------------------------------

Thomas D. Stalnaker, Trustee

*Plaintiff*

v.

George Allison, Jr.; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich; Timothy Jackes; James G. Jandrain; American Interstate Bank; George Kramer; Bernie Marquardt

*Defendants*

Radio Engineering Industries, Inc.

*Defendant - Appellant*

Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

*Defendants*

Centris Federal Credit Union

*Defendant - Appellee*

------------------------------

Centris Federal Credit Union

Counterclaim and Cross-Claim *Plaintiff - Appellee*

v.

Thomas D. Stalnaker, Trustee

Counter-Claim *Defendant*

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich; Timothy Jackes; James G. Jandrain; George Kramer; Bernie Marquardt

Cross-Claim *Defendants*

Radio Engineering Industries, Inc.

Cross-Claim *Defendant - Appellant*

Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

Cross-Claim *Defendant*

_____

No. 14-6020

_____

In re: Tri-State Financial, LLC, doing business as North Country Ethanol

*Debtor*

-------------------------------

Thomas D. Stalnaker, Trustee

*Plaintiff*

v.

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel;

Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin

*Defendants*

John Hoich; Denise Hoich

*Defendants - Appellants*

Timothy Jackes; James G. Jandrain; American Interstate Bank; George Kramer; Bernie Marquardt; Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

*Defendants*

Centris Federal Credit Union

*Defendant - Appellee*

------------------------------

Centris Federal Credit Union

Counterclaim and Cross-Claim *Plaintiff - Appellee*

vs.

Thomas D. Stalnaker, Trustee

Counterclaim *Defendant*

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin

Cross-Claim *Defendants*

John Hoich; Denise Hoich

Cross-Claim *Defendants - Appellants*

Timothy Jackes; James G. Jandrain; George Kramer; Bernie Marquardt; Radio

Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

Cross-Claim *Defendant*s

_____

No. 14-6025

_____

In re: Tri-State Financial, LLC, doing business as North Country Ethanol

*Debtor*

------------------------------

Thomas D. Stalnaker, Trustee

*Plaintiff - Appellee*

v.

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich; Timothy Jackes; James G. Jandrain

*Defendants*

American Interstate Bank

*Defendant - Appellant*

George Kramer; Bernie Marquardt; Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

*Defendants*

Centris Federal Credit Union

*Defendant - Appellee*

-----------------------------

Centris Federal Credit Union

Counterclaim and Cross-Claim *Plaintiff*

v.

Thomas D. Stalnaker, Trustee

Counterclaim *Defendant*

George Allison; Frank Cernik; Phyllis Cernik; Chris Daniel; Amy Daniel; Distefano Family LTD Partnership; Mark E. Ehrhart; Robert G. Griffin; John Hoich; Denise Hoich; Timothy Jackes; James G. Jandrain; George Kramer; Bernie Marquardt; Radio Engineering Industries, Inc.; Joseph Vacanti, Trustee of The Joseph and Cynthia Vacanti Trust

Cross-Claim *Defendants*
_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha
_____

Submitted: August 27, 2014
Filed: October 23, 2014
_____

Before KRESSEL, SCHERMER, and NAIL, Bankruptcy Judges.
_____

NAIL, Bankruptcy Judge.

James G. Jandrain, Distefano Family Ltd. Partnership, George Allison, Jr., Frank and Phyllis Cernik, Chris and Amy Daniel, Timothy Jackes, George Kramer, and Bernie Marquardt (collectively, "Jandrain, *et al.*") appeal the May 22, 2014 judgment of the bankruptcy court determining certain funds were property of the

bankruptcy estate, awarding Trustee Thomas D. Stalnaker certain fees and expenses, and surcharging those fees and expenses against the funds the bankruptcy court determined were property of the bankruptcy estate. Radio Engineering Industries, Inc. ("REI"), John Hoich and Denise Hoich, and American Interstate Bancorporation ("American Interstate") each separately appeal the same judgment. We reverse and remand for further proceedings consistent with this opinion.

BACKGROUND

In June and July 2003, a group of investors referred to as "the Omaha Group" transferred $2,000,000.00 to Tri-State Financial, LLC. Over the following year, Tri-State Financial transferred $793,654.42 of those funds to Tri-State Ethanol Company, LLC, which was in chapter 11 bankruptcy in the District of South Dakota, and $1,190,000.00 of those funds to one of Tri-State Ethanol's vendors.

In July 2004, Tri-State Ethanol's case was converted to chapter 7, and John S. Lovald was appointed chapter 7 trustee. Tri-State Financial filed a request for payment of an administrative expense and a proof of claim seeking recovery of both the $793,654.42 and the $1,190,000.00. In July 2006, Lovald paid Tri-State Financial the $793,654.42. Tri-State Financial distributed the entire sum to the Omaha Group.

In November 2008, Tri-State Financial filed a petition for relief under chapter 11 of the bankruptcy code. In January 2009, Stalnaker was appointed chapter 11 trustee. Sometime thereafter, Lovald paid Stalnaker the $1,190,000.00.

In September 2010, Stalnaker filed an adversary proceeding to determine ownership of the $1,190,000.00. Stalnaker claimed the funds were property of the bankruptcy estate. Centris Federal Credit Union ("Centris") agreed the funds were property of the bankruptcy estate, but it claimed the funds were subject to its blanket security interest in Tri-State Financial's assets. Jandrain, *et al.* claimed the funds were held in trust by Tri-State Financial and were thus not property of the estate. The

matter was tried, and on February 13, 2013, the bankruptcy court entered an order: (1) determining the funds were not property of the bankruptcy estate; (2) determining the bankruptcy estate was entitled to be reimbursed both for the legal fees and expenses it incurred in litigating and eventually settling with Lovald and for the attorney fees, costs, and expenses it incurred in the adversary proceeding; and (3) outlining the procedure for Stalnaker to request reimbursement for those fees, costs, and expenses.

Stalnaker requested $35,944.45 for the legal fees and expenses the bankruptcy estate incurred in litigating and eventually settling with Lovald and $61,886.90 for the attorney fees, costs, and expenses the bankruptcy estate incurred in the adversary proceeding. No party in interest objected to the amounts requested or to the $35,944.45 being surcharged against the $1,190,000.00. However, several parties in interest, including Jandrain, *et al.*, objected to the $61,886.90 being surcharged against the $1,190,000.00. The matter was heard, and on May 21, 2013, the bankruptcy court entered an order allowing the amounts requested and surcharging both amounts against the $1,190,000.00.

On that same date, the bankruptcy court entered a judgment incorporating the terms of its February 13, 2013 and May 21, 2013 orders.[1] Stalnaker and Centris timely filed a notice of appeal. Jandrain, *et al.* timely filed a notice of cross-appeal.

On appeal, the parties identified a plethora of issues they believed were presented by the appeal and the cross-appeal. We boiled those issues down to two: (1) whether the bankruptcy court erred in concluding the $1,190,000.00 was not property of the bankruptcy estate; and (2) whether the bankruptcy court erred in surcharging Stalnaker's attorney fees, costs, and expenses against the $1,190,000.00.

---

[1]According to the judgment, the amounts awarded were $35,944.45 and $61,286.90.

After reviewing the record and considering the parties' arguments, we determined any consideration of either issue would have been premature.

> In their post-trial brief, Stalnaker and Centris argued, *inter alia*, "[Tri-State Financial] is judicially estopped from having any intent or position imputed upon it other than the [$1,190,000.00] belong[s] to [Tri-State Financial]." Stalnaker and Centris also argued a "sweeping release" executed in August 2006 by all but two members of the Omaha Group–Jandrain and Radio Engineering Industries, Inc.–"includes any claimed obligation of [Tri-State Financial] to turn over the [$1,190,000.00] to [those parties.]" Finally, Stalnaker and Centris argued the Omaha Group "should be estopped from asserting ownership to the [$1,190,000.00]." Both the bankruptcy court's February 13, 2013 order and its May 21, 2013 order are silent with respect to these arguments.
>
> We could, perhaps, interpret the bankruptcy court's silence as an implicit rejection of Stalnaker and Centris's arguments and render an opinion on that basis. However, we believe the better course is to afford the bankruptcy court an opportunity to consider those arguments, if it did not in fact do so, and explain its reasoning for accepting or rejecting them.

*Stalnaker v. Allison* (*In re Tri-State Financial, LLC*), 512 B.R. 209, 211-12 (B.A.P. 8th Cir. 2014) ("*Stalnaker I*"). We therefore reversed and remanded the matter for further proceedings. *Id.* at 212.

On remand, the bankruptcy court[2] reconsidered its earlier ruling, and on May 22, 2014, it entered an order determining the $1,190,000.00 was in fact property of the bankruptcy estate and was subject to Centris's blanket security interest. The bankruptcy court's order specifically left unaffected its May 21, 2013 order awarding Stalnaker $35,944.45 for the legal fees and expenses the bankruptcy estate incurred in litigating and eventually settling with Lovald and $61,886.90 for the attorney fees, costs, and expenses it incurred in the adversary proceeding and surcharging both amounts against the $1,190,000.00.

On that same date, the bankruptcy court entered a judgment incorporating the terms of its May 22, 2014 and May 21, 2013 orders.[3] Jandrain, *et al.*, REI, the Hoiches, and American Interstate each timely filed a notice of appeal.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 678-79 (8th Cir. 2011).

## DISCUSSION

The parties again identify a plethora of issues they believe are presented by the several appeals. Those issues may be condensed and restated as follows: (1) whether the bankruptcy court exceeded its mandate on remand; (2) whether the bankruptcy court disregarded the law of the case; (3) whether the bankruptcy court failed to

---

[2]In January 2014, while *Stalnaker I* was still pending, the bankruptcy judge originally assigned to this case retired. In February 2014, the case was assigned to a different judge.

[3]According to the judgment, the amounts awarded were $35,944.45 and $61,286.90.

-11-

comply with Fed.R.Civ.P. 63 and Fed.R.Bankr.P. 9028; (4) whether the bankruptcy court erred in concluding the $1,190,000.00 was property of the bankruptcy estate; and (5) whether the bankruptcy court erred in surcharging Stalnaker's attorney fees, costs, and expenses against the $1,190,000.00.

With respect to the first issue, Jandrain, *et al.* argue in reconsidering its earlier ruling that the $1,190,000.00 was not property of the estate, the bankruptcy court failed to follow our mandate on remand. We disagree.

The question of whether the bankruptcy court exceeded our mandate is a question of law and is thus subject to *de novo* review. *Gourley v. Usery* (*In re Usery*), 242 B.R. 450, 456 (B.A.P. 8th Cir. 1999) (citation therein), *aff'd* 242 F.3d 378 (8th Cir. 2000).

> When a case has been decided . . . on appeal and remanded, every question decided by the appellate court, whether *expressly or by necessary implication*, is finally settled and determined, thus creating a mandate for the lower court. The mandate of the appellate court is completely controlling as to all matters within its compass, *but on remand the trial court is free to pass upon any issue that was not expressly or impliedly disposed of on appeal*.

*Id.* at 457 (citations omitted) (first emphasis in original; remaining emphasis added).

In *Stalnaker I*, we did not address–much less expressly or impliedly dispose of–either of the issues framed by the parties to that appeal. To the contrary, we stated unambiguously "any consideration of either issue is premature." *Stalnaker*, 512 B.R. at 211. Consequently, on remand, the bankruptcy court was free to pass upon those issues.

With respect to the second issue, Jandrain, *et al.* and REI argue in reconsidering its earlier ruling that the $1,190,000.00 was not property of the estate, the bankruptcy court disregarded the law of the case. Again, we disagree.

Under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Alexander v. Jensen-Carter*, 711 F.3d 905, 909 (8th Cir. 2013) (citations therein). The doctrine "applies to both appellate decisions and [trial] court decisions that have not been appealed." *Id.* (citation therein).

It is this latter point that precludes application of the law-of-the-case doctrine in this case. The bankruptcy court's earlier decision *was* appealed. On remand, "[a] lower court is not bound by its own earlier rulings unless explicitly or implicitly adopted by the appellate court." *Usery*, 242 B.R. at 457 (citations therein). In remanding the matter, we did not explicitly or implicitly adopt any of the bankruptcy court's rulings. Consequently, the bankruptcy court was not bound by its earlier rulings. And this is so, even though the case was transferred to a different judge around the time of our remand. *Id.* at n.7 (citation therein).

With respect to the third issue, American Interstate argues following the retirement of the bankruptcy judge originally assigned to this case, the bankruptcy court did not comply with Fed.R.Civ.P. 63 and Fed.R.Bankr.P. 9028. We agree.

Pursuant to Rule 63,

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again

> without undue burden. The successor judge may also recall any other witness.

Fed.R.Civ.P. 63.[4]

In this case, the bankruptcy court did not certify familiarity with the record and determine the case could be completed without prejudice to the parties before entering its judgment. The bankruptcy court's familiarity with the record is abundantly demonstrated by its detailed recitation of the facts in its decision. However, without the requisite certification, there is no suggestion that the parties had any reason to believe a decision was imminent and the time within which they might exercise their right under Rule 63 and Rule 9028 to ask the bankruptcy court to recall witnesses whose testimony was material and disputed was passing.[5] Under the circumstances, we will remand the matter to allow the bankruptcy court to comply with Rule 63 and Rule 9028.

In reaching this conclusion, we are mindful of the opinion of the Eighth Circuit Court of Appeals in *Higginbotham v. The Corner Stone Bank* (*In re Higginbotham*), 917 F.2d 1130 (8th Cir. 1990), in which the court of appeals recognized the possibility that a party could waive its rights under Rule 9028. However, in that case, the court of appeals was considering an earlier version of Rule 9028 that did not require the bankruptcy court to certify familiarity with the record or afford the parties an opportunity to ask the bankruptcy court to recall any witnesses. That earlier version, as quoted by the court of appeals, provided:

---

[4]Rule 63 applies in bankruptcy cases. Fed.R.Bankr.P. 9028.

[5]No other party to this appeal responded to American Interstate's argument regarding Rule 63 and Rule 9028. In any event, the record in this case is voluminous, and the parties could reasonably have expected it would take some time for the bankruptcy court to familiarize itself with the record.

If by reason of death, sickness or other disability, a judge before whom an involuntary petition or an adversary proceeding has been tried or a hearing conducted is unable to perform the duties to be performed by the court under these rules after a verdict is returned, or findings of fact and conclusions of law or a memorandum is filed, then any other judge regularly sitting in or assigned to the court in which the trial or hearing was conducted may perform those duties; but if the other judge is satisfied that he cannot perform those duties because he did not preside or for any other reason, he may in his discretion grant a new trial.

*Id.* at 1131-32 (without emphasis in original).

Moreover, in that case, the party complaining about the bankruptcy court's failure to comply with Rule 9028 had sought affirmative relief from the successor judge, thereby demonstrating, at least implicitly, "a willingness to accept that judge's authority to decide the case." *Id.* at 1133. In this case, Centris filed a motion asking the bankruptcy court to accept briefs summarizing the parties' respective positions regarding the issues of estoppel and release discussed in *Stalnaker I*. Thus, Centris might be said to have implicitly demonstrated a willingness to accept the bankruptcy court's authority to decide the case on the record it inherited. However, the same cannot be said about American Interstate or any of the other parties.

We are also mindful of the opinion of the Eighth Circuit Court of Appeals in *Littleton v. Pilot Travel Centers, LLC*, 568 F.3d 641 (8th Cir. 2009), in which the court of appeals stated a party who does not make a Rule 63 request to recall witnesses "has no right to sit back and await decision of the case before objecting to the procedure." *Id.* at 648 (quoting *Higginbotham*, 917 F.2d at 1133). However, we cannot tell from that opinion whether the successor judge in that case made the requisite certification.

-15-

In any event, in this case, American Interstate cannot be said to have sat back and awaited a decision before objecting to the procedure, because, as noted above, there is no suggestion the parties had any reason to believe a decision was imminent. There is likewise no suggestion there was any "procedure" to which American Interstate might have objected. The bankruptcy court simply entered its judgment, at which point it was too late for American Interstate–or any other party–to object.

In light of our decision to remand this matter, we do not reach the remaining issues. We are not expressly or impliedly disposing of those remaining issues, and on remand the bankruptcy court is again free to pass upon them. Likewise, we are not explicitly or implicitly adopting any of the bankruptcy court's rulings regarding those remaining issues, and on remand the bankruptcy court is still not bound by its earlier rulings regarding them.

## CONCLUSION

For the foregoing reasons, we again reverse and remand for further proceedings consistent with this opinion.

––––––––––––––––––––